TAYLOR AND MORGAN *v.* GALLOWAY AND OTHERS.

Power given by will to executors to sell land may be executed by one execu-tor, if one only accept the office under the will.
·Such power does not authorize an exchange or barter of lands, but a sale for money only.

THIS was a bill in chancery, prosecuted in the common pleas of ·Greene county, and carried into the Supreme Court by appeal, 'where it was decided at May term, 1822, by Judges Pease and Bur-·net. The case, so far as it involved the points decided, is stated fully in the opinion of the court by Judge Burnet, and need not be ·repeated.

The opinion of the court, by Judge BURNET:
The decree that ought to be rendered in this case may be deter-mined by the solution of two questions.
1. Was the acting executor, James Williams, authorized to sell

the land without the concurrence of William Edmonds, who was named in the will as a co-executor?

2. If he was, has he made such a sale to the complainant, Taylor, as is authorized by the will?

The authority given by the will is in the following words: "*All the rest of my estate I leave to be sold, as my executors hereafter named, shall think best; and the moneys arising from such sale, I give unto my infant daughter, Susanna Eliza Green, to her and her heirs forever.*"

William Edmonds and James Williams were constituted executors. Williams obtained probate, and undertook the duties of executor alone. Edmonds, who did not join in the probate, was afterward appointed guardian to the infant children.

The contract entered into by Williams, the acting executor, with the complainant, Taylor, authorized the latter to change the locations, to redeem such parts of the land as had been sold for taxes, and to do whatever might be necessary to secure the property and perfect the title; in consideration of which, Taylor was to have an equal moiety of the land.

The first question that arises, is, was Williams alone authorized to sell the land?

It is manifest that the will gives to the executors a naked power **233]** *not coupled with an interest. If land be devised to executors to be sold, or if it be devised to be sold by executors for the payment of debts, in either case the power is said to be coupled with an interest, and the survivor may execute the trust, because the act of God shall not prejudice; but if one of the executors refuse to act (the devise being to them by name), the other, it would seem, at common law, can not sell, because it is a joint confidence and must be jointly exercised. This principle has been changed by 21 H. 8, which authorizes a sale by those who consent to act. Swinb. Wills, 406–408.

If land be devised to be sold by executors, this is a naked authority, not coupled with an interest, and can not be executed by a survivor. Swinb. on Wills, 407. If the devise be, that the land be sold by the executors, not naming them, although the power be not coupled with an interest, it seems that it shall survive; because the power being to the executors generally, those who execute the will are legally the executors, and, therefore, may execute

Taylor and Morgan *v.* Galloway and others.

all the powers given to the executors as such.    Co. Lit. 112, 113 ; Cro. Eliz. 26.

But if a devise be that A. and B., who are constituted executors, sell the land, although they may legally sell without taking on themselves the duty of executing the will, yet if one should die, the survivor can not act, because the power must be pursued strictly, and it being given to two jointly, it is determined by the death of one of them.    The case of Bonefant, Cro. Eliz. 80, contains a different principle, but that case does not seem to be supported by the authorities.

In the case before us, the devise is that the executors may sell. Williams, therefore, having proved the will, and taken on himself the office of executor, was thereby vested with all the power given to the executors as such, and consequently had a right to make the sale.

But the most important question is, whether the contract made with the complainant, Taylor, be such a sale as was contemplated or authorized by the will.

The manifest design of the testator was to convert the whole of his estate into money, for the benefit of his infant daughter.    The trustees are not authorized to exchange or incumber the land or to dispose of any part of it, to perfect a title to the residue.    The power is to sell, and the sale must be for money.

It may be said that the contract with Taylor was a sale, and that he is a purchaser for a valuable consideration.    This is technically true, as it would have been if the executor had conveyed to him a *moiety of the land as a reward for effecting a sale [234 of the other moiety.    But it is presumed that such a sale would not be valid, as it would defeat the object of the testator.

The power must be strictly pursued, and must be executed according to the manifest intent of the testator.

If the trustee could incumber the estate, by granting an equitable claim to an undivided moiety, for the purpose of procuring a removal of the entries and a completion of the title to the residue, he might, on the same principle, exchange it for land in Virginia, and give a moiety of it to the agent who should negotiate the exchange.

The trust delegated by the will is personal, and can not be transferred.    As Williams voluntarily took on himself the office of trustee, it was his duty to execute the trust in person, and to do

everything that might be necessary to enable him to do so. He certainly had no right to give away any part of the land, to procure a third person to perform services that he was bound to perform himself. If such a discretion exist, it is impossible to say how far it extends, or by what rule it shall be limited. It would vest in the trustee the same power, and the same control over the property, that the testator had in his life. This difficulty can be obviated only by holding the executor to a strict execution of the power, which was, in the present case, to sell the land for money, and at a fair price. As the contract on which the bill is founded, was not such a sale, we feel bound to say that it was not authorized by the will, and that it vested no right in the complainant. The circumstance, that the guardian joined in the contract, can not alter the case, as he certainly had no power to sell the real estate of his ward.

It being ascertained that the complainant acquired no title, either legal or equitable, to the land in question, by the contract under which he claims, it is unnecessary to look into the title of the defendants.

Bill dismissed.